No. 13,115.

STATE EX REL FRANK GRECO VS. THE HONORABLE N. H. RIGHTOR, JUDGE.

SYLLABUS.

1. Proceedings of foreclosure were pending when the mortgage debtor sold the property mortgaged to relator who sued out a writ of *mandamus* to compel the district judge to grant him an injunction on grounds already passed upon by the District Court and from which no suspensive appeal was taken.

2. During the pendency of foreclosure proceedings, the debtor cannot convey the property mortgaged to the prejudice of plaintiff in the proceedings. The injunction prayed for, if granted, would be prejudicial to plaintiff's rights.

3. Relator was without a right of action, as he was not a third person, and, consequently, the refusal of the injunction was within the discretion of the District Court. 44th Ann., 1081; State *ex rel.* Kenner vs. Judge, 50th Ann. 995.

ON APPLICATION for writs of *certiorari*, *mandamus* and prohibition.

*Theo. Cotonio* for Relator.

*E. Howard McCaleb* and *Dinkelspiel & Hart* for Respondents.

Submitted on briefs March 25th, 1899.
Opinion handed down April 3rd, 1899.
Rehearing refused May 29th, 1899.

The opinion of the court was delivered by

BREAUX, J.   The respondent judge having refused to grant a writ of injunction to relator, and having also refused to grant an appeal, the relator applies for writs of *certiorari, mandamus* and prohibition, to compel the judge to grant him the application for an injunction, and fix the amount of the bond for an injunction; or, in the alternative, to compel the judge to grant to relator an appeal from the order refusing to grant the injunction suspensive, upon relator furnishing bond according to law.

He also prayed for a writ of prohibition to restrain and prohibit the judgment creditor from proceeding further in foreclosing her mortgage.

Relator sets forth as some length that Mrs. Mary Stempel, guardian, had caused relator's property to be seized, and that she had no right to proceed with the seizure.   The relator asserts that he bought this property on the 15th of August, 1898, by act before Theodore Cotonio, notary, from Edward Fulton *et al.*   He avers that his vendors, Edward Fulton and others, received their title from Elizabeth Flynn, from whom they inherited.    Relator alleges that the judgment of Mrs. Stempel, guardian, obtained against Edward Fulton and others, was never recorded, and that she never recovered any judgment against Edward Fulton; but that, on the contrary, her claim against Edward Fulton has been dismissed; that his interest exceeded half of the ownership of the property, and that, in addition, he was the usufructuary of the remaining portion; that in matter of Mistress Stempel against J. C. Fulton, William F. Fulton and Edward Fulton, the appeal has been taken by the latter, and that it is still pending; that the claim of Mistress Stempel, guardian, is prescribed; and, finally, that the judgment was null and void, because rendered without citation.

On the other hand, the respondent judge, in his return, sets forth, in substance, that the relator's statement of facts is not correct; and he states specifically that the application for an injunction was frivo-

lous, and made only for delay, and, for that reason, he refused to grant an injunction; and, after the refusal, he declined to sign an order for appeal; that every one of the grounds urged by the relator, has, in one way or the other, been litigated, and has been decided against the position taken by relator; that the only remaining issues to be heard (because it may be that they have not heretofore been finally disposed -of) are those now pleaded in the case pending upon a devolutive appeal; that in order to obtain delay, relator pleaded for the injunction to which we have just referred.

First.    The grounds set forth by the relator are manifestly not tenable, and, in our view, the District Judge properly refused to grant the injunction.

The record shows that citations were duly served and judgment rendered against relator; and that the plea of prescription was heretofore passed upon also.    It appears from this that relator's application is not sustained by the facts.    Relator sought to avoid the effect of the decision heretofore rendered contradictorily between Mistress Stempel, guardian, and the Fultons (the latter, we have seen are the relator's authors), Stempel vs. Fulton; *In re Fulton* applying for *certiorari,* or writ of review, 51st Ann., 468.

When relator bought the property from the mortgage debtor proceedings to foreclose the mortgage had already been instituted against the mortgage debtor.

The law prohibiting a sale made with a view of thwarting legal proceedings, as here attempted, is quite plain.    This case, we think, falls within the terms of the law which reads: "* * * Nor shall it be lawful for debtors or third possessors of property, subject to mortgage of any kind, to transfer or alienate such property pending an action to enforce the mortgage; and any transfer or alienation made in contravention of the provision of this article, shall have no effect. * * *" Statute 3 of 1878.

Second.    If an injunction were granted in this case as prayed for by relator, the only result would be, that, temporarily at least, effect would be given to an act which the statute provides shall have no effect.

If there was any doubt about the character of the litigation, there might be some room to grant an injunction, but not the least question arises in this case which has not been, in one way or another, heretofore urged by relator's authors and passed upon.    Where it is mani-

fest that an injunction has no sufficient grounds to stand upon, it is within the discretion of the trial court to refuse to grant it. Citizens' Bank vs. Marie Webre, 44th Ann., 1081; State *ex rel* Kenner vs. Judge, 50th Ann., p. 995.

Third. Relator is not in law a third person; it is as if defendants themselves in the foreclosure proceedings were attempting to sue out an injunction and thereby obtain delays in matter of foreclosure proceedings.

It is, therefore, ordered, adjudged and decreed, that the rule *nisi* heretofore issued in this case and plaintiff's demand, as set forth in his application for writs of *certiorari*, prohibition and *mandamus*, is rejected.